# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NICK URIOSTE,
MONICA MAESTAS,

Plaintiffs,

v.                                                          CIV. NO.

MARTIN X. SALAZAR,
MACK L. ALLINGHAM,
ERIC PADILLA,
MIKE PADILLA,
GILBERT MARTINEZ,
in their individual capacities;
THE POLICE DEPARTMENT
OF THE CITY OF LAS VEGAS,
NEW MEXICO,
in its supervisory capacity,
AND DOES I-X,

Defendants.

## **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES**

Plaintiffs NICK URIOSTE, and MONICA MAESTAS, by and through their attorney, David Chipman Venie, bring this complaint for violation of their civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and alleges as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§1983 and 1988, and 28 U.S.C. § 1331.

2. Venue is proper in this district as Defendants are residents of New Mexico, and all of the acts complained of occurred within the District of New Mexico.

3. Plaintiffs' cause of action arose in New Mexico.

## PARTIES

4. Plaintiffs NICK URIOSTE and MONICA MAESTAS are residents and citizens of Anton Chico, New Mexico.

5. Defendant MARTIN X. SALAZAR is a natural person and a law enforcement official.

6. Defendant MARTIN X. SALAZAR was at all relevant times discussed herein, a law enforcement officer employed by the City of Las Vegas, New Mexico, Police Department, a governmental agency operated by the City of Las Vegas, New Mexico.

7. At all times material to this complaint, Defendant MARTIN X. SALAZAR was acting within the scope of his duties as a law enforcement officer and under color of state law.

8.  Defendant MACK L. ALLINGHAM is a natural person and a law enforcement official.

9.  Defendant MACK L. ALLINGHAM was at all relevant times discussed herein, a law enforcement officer employed by the City of Las Vegas, New Mexico, Police Department, a governmental agency operated by the City of Las Vegas, New Mexico.

10. At all times material to this complaint, Defendant MACK L. ALLINGHAM was acting within the scope of his duties as a law enforcement officer and under color of state law.

11. Defendant MIKE PADILLA is a natural person and a law enforcement official.

12. Defendant MIKE PADILLA was at all relevant times discussed herein, a law enforcement officer employed by the City of Las Vegas, New Mexico, Police Department, a governmental agency operated by the City of Las Vegas, New Mexico.

13. At all times material to this complaint, Defendant MIKE PADILLA was acting within the scope of his duties as a law enforcement officer and under color of state law.

14. Defendant ERIC PADILLA is a natural person and a law enforcement official.

15. Defendant ERIC PADILLA was at all relevant times discussed herein, a law enforcement officer employed by the City of Las Vegas, New Mexico, Police Department, a governmental agency operated by the City of Las Vegas, New Mexico.

16. At all times material to this complaint, Defendant ERIC PADILLA was acting within the scope of his duties as a law enforcement officer and under color of state law.

17. Defendant GILBERT MARTINEZ is a natural person and a law enforcement official.

18. Defendant GILBERT MARTINEZ was at all relevant times discussed herein, a law enforcement officer employed by the City of Las Vegas, New Mexico, Police Department, a governmental agency operated by the City of Las Vegas, New Mexico.

19. At all times material to this complaint, Defendant GILBERT MARTINEZ was acting within the scope of his duties as a law enforcement officer and under color of state law.

20. On information and belief, Defendant DOES I-X are law enforcement officers involved in a raid on Plaintiffs' property on or about July 25, 2008.

21. All individual Defendants are sued in their individual capacity.

22. Defendant THE POLICE DEPARTMENT OF THE CITY OF LAS VEGAS, NEW MEXICO is an entity based in Las Vegas, New Mexico within the geographic jurisdiction of the above captioned court.

## FACTUAL BACKGROUND

23. On March 1, 2008, Defendants MACK L. ALLINGHAM, ERIC PADILLA, and MARTIN SALAZAR were employed as Region IV Narcotics Drug Task Force Agents.

24. In the course and scope of their employment, Defendants MACK L. ALLINGHAM, ERIC PADILLA, and MARTIN SALAZAR had occasion to investigate narcotic crimes in and around the City of Las Vegas, New Mexico.

25. On or about July 22, 2008, Defendant MARTIN X. SALAZAR swore, under oath, to certain facts in connection with an application for a search warrant for Plaintiff NICK URIOSTE's and MONICA MAESTAS's residence and property.

26. On or about July 22, 2008, Defendant MARTIN X. SALAZAR knowingly included false statements in the search warrant application for Plaintiffs' property and residence.

27. On or about July 22, 2008, Defendant MARTIN X. SALAZAR recklessly included false statements in the search warrant application for Plaintiffs' property and residence.

28. On or about July 22, 2008, Defendant MARTIN X. SALAZAR made certain statements with reckless disregard for the truth in his search warrant application for Plaintiffs' property and residence.

29. On or about July 22, 2008, Defendant MARTIN X. SALAZAR submitted an affidavit in support of the search warrant for Plaintiffs' residence and property that contained false statements.

30. On or about July 22, 2008, Defendant MARTIN X. SALAZAR submitted an affidavit in support of the search warrant for Plaintiffs' residence and property that contained statements that SALAZAR would have known to be false had he not recklessly disregarded the truth.

31. In the affidavit that Defendant SALAZAR submitted to Judge Baca, Defendant SALAZAR omitted and/or fabricated a material fact for the purpose of enhancing support for the probable cause determination.

32. On or about July 22, 2008, Judge Gerald Baca of the Fourth Judicial District Court for the State of New Mexico signed defendant MARTIN X. SALAZAR's search warrant application based upon, defendant SALAZAR's false statements or statements made by SALAZAR with reckless disregard for the truth.

33. On or about July 22, 2008, Defendant MARTIN SALAZAR's statements made in his affidavit for the search warrant for Plaintiffs' property and residence were material to Judge Gerald Baca's finding of probable cause.

34. On or about July 25, 2008, Defendants MARTIN SALAZAR, MACK ALLINGHAM, ERIC PADILLA, MIKE PADILLA, and GILBERT MARTINEZ participated in the execution of the search warrant at Plaintiffs' property located in Tecolitito Canyon, Anton Chico, New Mexico.

35. On July 25, 2008, all named individual defendants entered the Plaintiff's residence and property.

36. On July 25, 2008, all named individual defendants participated in the search of Plaintiff's residence and property.

37. On July 25, 2008, all named individual defendants participated in the detention of the Plaintiffs.

7

38. On July 25, 2008, all named individual defendants entered the Plaintiff's residence and property.

39. On July 25, 2008, all named individual defendants agreed to enter the Plaintiff's residence and property.

40. On July 25, 2008, all named individual defendants detained Plaintiffs.

41. On July 25, 2008, all named individual defendants searched Plaintiffs' property.

## COUNT I: CLAIM UNDER 42 U.S.C § 1983 (AGAINST ALL DEFENDANTS)

42. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

43. On or about July 25, 2008, all individual defendants acted under color of state authority or law when they entered Plaintiffs' property, executed the search warrant, breached Plaintiffs' entrance to the residence, detained Plaintiffs, searched Plaintiffs' person and residence, broke and/or destroyed Plaintiffs' property.

44. On or about July 25, 2008, all individual defendants were state actors when they entered Plaintiffs' property, executed the search warrant, breached Plaintiffs' entrance to the residence, detained

8

Plaintiffs, searched Plaintiffs' person and residence, broke and/or destroyed Plaintiffs' property.

45. The Defendants' conduct deprived Plaintiffs' of rights, privileges, and immunities, secured by the Constitution or laws of the United States.

46. As a result of the Defendants' conduct, Plaintiffs sustained damages in an amount to be determined at trial.

## COUNT II: CLAIM UNDER 42 U.S.C § 1983 AND FRANKS V. DELAWARE, 438 U.S. 154 (1978) (AGAINST DEFENDANT MARTIN X. SALAZAR)

47. Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48. On or about July 25, 2008, MARTIN X. SALAZAR acted under color of state authority or law when he completed the affidavit in support of the search warrant for Plaintiffs' residence and property.

49. Defendant MARTIN X. SALAZAR knowingly included false statements in the search warrant application for Plaintiffs' property and residence.

50. On or about July 22, 2008, Defendant MARTIN X. SALAZAR recklessly included false statements in the search warrant application for Plaintiffs' property and residence.

9

51. On or about July 22, 2008, Defendant MARTIN X. SALAZAR made certain statements with reckless disregard for the truth in his search warrant application for Plaintiffs' property and residence.

52. On or about July 22, 2008, Defendant MARTIN X. SALAZAR completed and submitted an affidavit in support of the search warrant for Plaintiffs' residence and property that contained false statements.

53. On or about July 22, 2008, Defendant MARTIN X. SALAZAR submitted an affidavit in support of the search warrant for Plaintiffs' residence and property that contained statements that SALAZAR would have known to be false had he not recklessly disregarded the truth.

54. The Defendant MARTIN X. SALAZAR's conduct deprived Plaintiffs' of rights, privileges, and immunities, secured by the Constitution or laws of the United States.

55. As a result of the Defendants' conduct, Plaintiffs sustained damages in an amount to be determined at trial.

### COUNT III: CLAIM UNDER 42 U.S.C § 1983 FOR UNLAWFUL ENTRY ONTO PLAINTIFFS' RESIDENCE AND PROPERTY (AGAINST ALL DEFENDANTS)

56. Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57. The individual defendants each entered Plaintiffs' property on or about July 25, 2008.

58. The Defendants' conduct deprived Plaintiffs' of rights, privileges, and immunities, secured by the Constitution or laws of the United States.

59. As a result of the Defendants' conduct, Plaintiffs sustained damages in an amount to be determined at trial.

## COUNT IV: CLAIM UNDER 42 U.S.C § 1983 FOR UNLAWFUL DETENTION (AGAINST ALL INDIVIDUAL DEFENDANTS)

60. Plaintiff incorporates paragraphs 1 through 59 as though fully set forth herein.

61. The individual defendants each detained Plaintiffs on or about July 25, 2008.

62. The Defendants' conduct deprived Plaintiffs' of rights, privileges, and immunities, secured by the Constitution or laws of the United States.

63. As a result of the Defendants' conduct, Plaintiffs sustained damages in an amount to be determined at trial.

## COUNT V: CLAIM UNDER 42 U.S.C § 1983 FOR CONSPIRACY (AGAINST ALL INDIVIDUAL DEFENDANTS)

64.  Plaintiff incorporates paragraphs 1 through 63 as though fully set forth herein.

65.  The individual defendants each agreed to enter Plaintiffs' property on or about July 25, 2008, detain Plaintiffs and search Plaintiffs.

66.  The Defendants' conduct deprived Plaintiffs' of rights, privileges, and immunities, secured by the Constitution or laws of the United States.

67.  As a result of the Defendants' conduct, Plaintiffs sustained damages in an amount to be determined at trial.

## REQUEST FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C § 1988

68.  Plaintiffs request attorneys fees to be awarded to the extent they are deemed a prevailing party in this action.

## JURY TRIAL DEMAND

69.  Plaintiffs hereby demand a trial by jury on all counts so triable.

12

Respectfully submitted by,
/s/David Chipman Venie
DAVID CHIPMAN VENIE
LAW OFFICE OF CHIP VENIE
820 2ND STREET NW
ALBUQUERQUE, NEW MEXICO 87102
(505) 766-9000

*Attorney for Plaintiffs*